J-S42012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JIMMY JOHNSON, | |
| Appellant | No. 1127 WDA 2015 |

Appeal from the Judgment of Sentence June 23, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000572-2015

BEFORE: SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED JUNE 28, 2016**

Jimmy Johnson ("Appellant") appeals from the June 23, 2015 judgment of sentence entered in the Court of Common Pleas of Erie County. We affirm.

On or about January 30, 2015, Appellant and Jhulyis Monroe ("Monroe") burglarized the home of Donna Alloway at 4156 West 30th Street, assaulted the victim, Ridge Woodall, and removed various items from the residence. Criminal Information, 3/26/15, at 1–2. Responding police officers promptly took Monroe into custody, where he admitted to participating in the burglary with Appellant and identified a third person

_____

[*] Former Justice specially assigned to the Superior Court.

waiting in a silver car who fled the scene. Affidavit of Probable Cause, 1/30/15, at 1.

Appellant was subsequently arrested and charged with burglary, robbery, criminal trespass, and simple assault. Criminal Information, 3/26/15, at 1–2. Appellant pled guilty to robbery, 18 Pa.C.S. § 3701(a)(1)(V), and, in exchange, the Commonwealth *nolle prossed* all other charges. N.T. Plea, 5/4/15, at 8–10. The trial court sentenced Appellant to incarceration for an aggregate period of twenty-four to forty-eight months, followed by two years of probation, and $1,715.02 in restitution. N.T. Sentencing, 6/23/15, at 30. Appellant filed a timely post-sentence motion, which the trial court denied on July 21, 2015. This appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following questions for our consideration:

A. Whether the Sentencing Court erred in sentencing the Appellant with a Prior Record Score of a Repeat Felony Offender instead of with a Prior Record Score of five (5)[?]

B. Whether the [A]ppellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

Appellant's Brief at 3.[1]

_____

[1] In his Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant challenged the imposition of restitution. Pa.R.A.P. 1925(b) Statement, 8/24/15, at ¶ B(b). Appellant has not raised this issue on appeal. Therefore, we deem it abandoned.

In his first issue, Appellant raises a question of statutory construction of the sentencing guidelines under 204 Pa.Code § 303.4. According to Appellant, the sentencing court erred in applying the sentencing guidelines to set Appellant's prior record score at repeat felony offender, RFEL, and not at five. Appellant's Brief at 6. This is a question of law and "[t]hus, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Wilson**, 101 A.3d 1151, 1153 (Pa. Super. 2014) (italicization and citation omitted). "Consequently, we are not bound by the lower court's conclusions regarding the proper meaning of the applicable provisions of this statute." **Commonwealth v. Devries**, 112 A.3d 663, 670 (Pa. Super. 2015) (citation omitted).

In addressing this issue, we direct the parties' attention to **Commonwealth v. Stefon Johnson**, 125 A.3d 822 (Pa. Super. 2015). Therein, a panel of this Court affirmed an Erie County sentencing order under circumstances strikingly similar to those at hand.[2] As does Appellant, Stefon Johnson contended "that the language of subsection 303.4(a)(2) requires six prior convictions or adjudications, rather than six points, to designate an offender as a RFEL." **Id.** at 828. The panel "agree[d] with Johnson that it is unclear from the statute's language alone whether the number six refers to prior convictions or prior record score points." **Id.** at

_____

[2] The public defender representing Appellant in this appeal also represented Stefon Johnson in his appeal.

829. Therefore, the panel consulted the Statutory Construction Act and relevant case law to "ascertain the legislature's intention." *Id.* at 830 (quoting 1 Pa.C.S.A. §§ 1921(c), 1922; *Commonwealth v. Berryman*, 649 A.2d 961 (Pa. Super. 1994)). In doing so, the *Stefon Johnson* Court "conclude[d] that there is no support for Johnson's assertion that subsection 303.4(a)(2) requires six convictions or adjudications, and not six points on his prior record score." *Id.* Upon review of Appellant's arguments in light of the *Stefon Johnson* panel's reasoning, we conclude that the holding of *Stefon Johnson* is dispositive of Appellant's first issue. *Stefon Johnson*, 125 A.3d at 828–832. Thus, Appellant is not entitled to the relief sought.

Appellant next challenges the discretionary aspects of his sentence. Appellant's Brief at 7. This Court has held, "Where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal and an appellant's appeal should be considered a petition for allowance of appeal." *Commonwealth v. Crork*, 966 A.2d 585, 590 (Pa. Super. 2009).

> Before we reach the merits of Appellant's sentencing issue:
>
> we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Clarke*, 70 A.3d 1281, 1286 (Pa. Super. 2013) (citing *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super. 2006)).

- 4 -

"Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

In this case, Appellant filed a timely notice of appeal and included a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his brief. However, Appellant did not preserve his claim at the sentencing hearing or in his post-sentence motion. Therefore, we deny the petition for allowance of appeal of the discretionary aspects of Appellant's sentence.[3]

Judgment of sentence affirmed.

_____

[3] Even if Appellant had preserved his sentencing claim, we would deny him relief. In his Pa.R.A.P. 2119(f) statement, Appellant argues that "the sentencing court sentenced within the guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable." Appellant's Brief at 5 (quoting 42 Pa.C.S. § 9781(c)(2)). In the argument section of his brief, Appellant contends that "the trial court abused its discretion in sentencing Appellant to such a lengthy period of incarceration, given the mitigating factors of his case." **Id.** at 7.

"This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citing **Commonwealth v. Perry**, 883 A.2d 599, 602 (Pa. Super. 2005)). Therefore, assuming Appellant had raised a substantial question, we would apply this Court's reasoning in disposing of Stefon Johnson's challenge to the discretionary aspects of his sentence to the facts of the case *sub judice*. **Stefon Johnson**, 125 A.3d at 825–828. In doing so, we would conclude that the evidence of record fails to establish that the sentencing court abused its discretion. N.T. Sentencing, 6/23/15, at 23–30.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/28/2016</u>