J-S68008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN MICHAEL MARCHAND, | |
| Appellant | No. 1341 WDA 2015 |

Appeal from the Judgment of Sentence July 27, 2015
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000020-2014

BEFORE:  SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 26, 2016**

Steven Michael Marchand ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of two counts of identity theft, one count of conspiracy to commit identity theft, one count of theft by deception, one count of conspiracy to commit theft by deception, two counts of forgery, and one count of conspiracy to commit forgery.  We affirm.

The trial court summarized the operative facts of this case as follows:

> The charges in this case arise out of two separate transactions for the sale of timber.  The first of these contracts was presented by Appellant to Frederick Clelland, a self-employed timberer, purportedly bearing the signature of one Sylvia Weed, the owner of the real property in question.  Clelland in turn paid the

_____

[*]  Retired Senior Judge assigned to the Superior Court.

Appellant a substantial amount of money in consideration[1] of the Appellant's acting as a broker for Sylvia Weed. It was later revealed that Weed never actually signed or authorized the contract in question.

The second series of contracts were presented by the Appellant to David A. Sholtis, an employee of Sugar Grove Hardwood, bearing the purported signatures of James and Helen Berry. Sugar Grove Hardwood provided significant compensation to Appellant in consideration of his acting as a broker for two parcels belonging to James and Helen Berry.[2] During the course of negotiations between Sholtis and Appellant for the sale of timber on a third parcel, this one purportedly owned by Sylvia Weed, Sholtis came to discover that, contrary to Appellant's representations, the actual owners of the parcel were James and Helen Berry. It was moreover revealed that the true landowners never actually authorized any of the transactions, in large part because they were in fact deceased.

Trial Court Opinion, 5/2/16, at 2–3.

Following Appellant's conviction on March 20, 2015, the trial court sentenced him on July 27, 2015, as follows:

On Counts 1 and 4, he received concurrent sentences of twelve (12) months less three (3) days to twenty-four (24) months less one (1) day [of incarceration]. With respect to Counts 2, 6, 7 and 8, he was sentenced to terms of probation of seven (7) years, to run concurrently with each other, and consecutively to the sentence of incarceration imposed at Counts 1 and 4. With respect to Counts 3 and 5, the Appellant was sentenced to terms of probation of seven (7) years, to run concurrent to one another and consecutive to the term of probation imposed on Counts 2, 6, 7, and 8.

_____

1 Mr. Clelland paid Appellant $45,000. N.T., 3/16/15, at 9.

2 The first contract was for $38,000, and the second contract was for $25,000. N.T., 3/16/15, at 37, 39.

Trial Court Opinion, 5/2/16, at 2. Also, Appellant was ordered to pay a total of $81,100.88 in restitution. N.T. (Sentencing), 7/27/15, at 24. This appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our consideration:

The verdict in this case was against the weight of the evidence when information was presented that supported his version of the events and the handwriting on the contracts in question supported his testimony

The sentence in this case was manifestly excessive and clearly unreasonable when the court sentenced Mr. Marchand to a period of incarceration and did not take into account mitigating factors such as the Defendant's background and the nature of the crime

Appellant's Brief at 2 (verbatim; full capitalization omitted).

Appellant first raises a weight-of-the-evidence challenge, which he has failed to preserve for our review. A weight challenge must be raised in the trial court or it will be waived. Pursuant to Pa.R.Crim.P. 607, a "claim that the verdict is against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." A weight claim must be presented to the trial court while it exercises jurisdiction over a matter since "appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Burkett*, 830 A.2d 1034, 1037 (Pa. Super. 2003).

Here, the trial court found—and our review of the record confirms—that Appellant failed to raise his weight claim orally or in writing prior to or after sentencing. Trial Court Opinion, 5/2/16, at 3.[3] In fact, Appellant raised the evidentiary challenge for the first time in his Rule 1925(b) statement. Pa.R.A.P. 1925(b) Statement, 2/1/16, at ¶ 5. Accordingly, we hold that Appellant's weight claim has been waived.[4]

Appellant next argues that his sentence is excessive and that the sentencing court failed to consider mitigating factors. Appellant's Brief at 12. These issues are challenges to the discretionary aspects of Appellant's sentence. ***Commonwealth v. Samuel***, 102 A.3d 1001, 1007 (Pa. Super. 2014).

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. ***Commonwealth v. Finnecy***, 135 A.3d 1028, 1031 (Pa. Super. 2016). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. Johnson***, 125 A.3d 822, 825 (Pa. Super. 2015).

As we observed in ***Johnson***:

---

[3] The record contains a post-sentence motion in which Appellant seeks **only** a hearing for consideration of after-discovered evidence. Post Sentence Motion, 9/28/15, at ¶¶ 3–7.

[4] Were this challenge not waived, we would affirm on the basis of the trial court's well-reasoned analysis. Trial Court Opinion, 5/2/16, at 3–5.

Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Johnson*, 125 A.3d at 825–826 (quoting *Commonwealth v. Clarke*, 70 A.3d 1281, 1286 (Pa. Super. 2013) (citation omitted)).

Pennsylvania Rule of Appellate Procedure 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Mann*, 820 A.2d 788 (Pa. Super. 2003)).

Our review of the certified record reflects that Appellant waived his challenge to the discretionary aspects of his sentence by failing to raise the claim either at the sentencing proceeding or by means of a post-sentence motion.[5] N.T. (Sentencing), 7/27/15, at 22, 25–26; Post Sentence Motion,

_____

[5] At sentencing, Appellant requested a county sentence and bond pending appeal, both of which he received. N.T. (Sentencing), 7/27/15, at 19, 22, 26. Appellant's post-sentence motion does not include a challenge to the discretionary aspects of his sentence.

9/28/15. Appellant challenged the sentence imposed for the first time in his Rule 1925(b) statement. Pa.R.A.P. 1925(b) Statement, 2/1/16, at ¶ 6. Accordingly, Appellant's sentencing challenge has been waived.[6]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2016

_____

[6] Neither the Commonwealth nor the trial court responds to Appellant's sentencing challenge with waiver. Were this challenge not waived, we would affirm on the basis of the trial court's well-reasoned analysis. Trial Court Opinion, 5/2/16, at 5–8.