J-S59022-15

2015 PA Super 221


COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:     PENNSYLVANIA
Appellee :
:
v. :
:
STEFON JOHNSON, :
:
Appellant : No. 243 WDA 2015

Appeal from the Judgment of Sentence January 28, 2015,
Court of Common Pleas, Erie County,
Criminal Division at No(s): CP-25-CR-0001038-2014
and CP-25-CR-0002133-2014

BEFORE:  BOWES, DONOHUE and FITZGERALD*, JJ.

OPINION BY DONOHUE, J.:                    **FILED OCTOBER 20, 2015**

Appellant, Stefon Johnson ("Johnson"), appeals from the judgment of sentence entered on January 28, 2015 in the Court of Common Pleas, Erie County.  Upon review, we find no support for Johnson's claim that the sentencing court abused its discretion by imposing a sentence that is manifestly excessive.  We further conclude that the sentencing court properly considered Johnson's prior record score, as opposed to the number of prior convictions in his criminal record, in determining that Johnson was a repeat felony offender.  We therefore affirm.

A brief summary of the relevant facts and procedural history is as follows.  Between March 9 and March 17, 2014, Johnson entered three separate businesses with a small handgun and instructed the individuals

_____

*Former Justice specially assigned to the Superior Court.

therein to empty the contents of the cash registers. State police officers arrested Johnson on March 18, 2014 and charged him with conspiracy, robbery, receiving stolen property, firearms not to be carried without a license, terroristic threats with intent to terrorize another, theft by unlawful taking, persons not to possess a firearm, simple assault, recklessly endangering another person, and possessing instruments of crime.[1]

On November 26, 2014, Johnson pled guilty to two counts of robbery, and in exchange, the Commonwealth nolle prossed all other charges. Johnson appeared for a sentencing hearing on January 28, 2015. During the hearing, Johnson presented his mother, father, and grandmother as character witnesses. They testified that Johnson was immature and made mistakes, but that he could be rehabilitated. Johnson also testified, apologizing for his actions. Defense counsel requested that the sentencing court consider his young age, his rehabilitative potential, his juvenile record, and the fact that he accepted responsibility for his actions when deciding Johnson's sentence. Defense counsel specifically requested that the sentencing court "consider a concurrent, low-end standard range sentence[.]" N.T., 1/28/15, at 19.

Defense counsel also contested the presentence investigation report ("PSI Report"), which designated Johnson a repeat felony offender ("RFEL")

---

[1] 18 Pa.C.S.A. §§ 903(c), 3701(a)(1)(ii), 3925(a), 6106(a)(1), 2706(a)(1), 3921(a), 6105(a)(1), 2701(a)(3), 2705, 907(b).

pursuant to 204 Pa. Code § 303.4. Defense counsel asserted that a strict statutory construction of section 303.4(a)(2) requires six or more convictions or adjudications, not six or more points as reflected by the PSI Report. Since Johnson did not have six or more prior convictions or adjudications, defense counsel challenged the RFEL designation.

Following its review of section 303.4(a)(2), the sentencing court rejected defense counsel's argument, stating that a RFEL designation requires six points, not convictions, based upon the defendant's prior record score. The sentencing court determined that Johnson was appropriately designated a RFEL based on his prior record score of six for first- and second-degree felonies and that the sentencing guidelines in the PSI Report were calculated correctly. After considering the PSI Report, the statutorily required factors set forth in the Sentencing Code, and the testimony offered by Johnson and his witnesses, the sentencing court sentenced Johnson to two concurrent terms of 102 to 204 months of incarceration and ordered him to pay the costs of prosecution plus restitution in the amount of $793.

Johnson filed a motion for reconsideration on the same date as the sentencing hearing, requesting that the sentencing court reconsider its sentence and reduce the period of incarceration. Johnson alleged that he was improperly designated as a RFEL and that the sentencing court should have imposed a standard range guideline sentence rather than an

aggravated range sentence. On January 29, 2015, the sentencing court denied Johnson's motion for reconsideration.

Johnson timely filed a notice of appeal on February 6, 2015 and a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On appeal, Johnson raises the following two issues for our review, which we have reordered for ease of disposition:

> 1. Whether [Johnson's] sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?
>
> 2. Whether the [s]entencing [c]ourt erred in sentencing [Johnson] with a prior record score of a [RFEL] instead of with a prior record score of five (5)[?]

Johnson's Brief at 4.

In his first issue on appeal, Johnson challenges the discretionary aspects of his sentence. Johnson's Brief at 4. This Court has held, "[w]here an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal and an appellant's appeal should be considered a petition for allowance of appeal." ***Commonwealth v. Crork***, 966 A.2d 585, 590 (Pa. Super. 2009).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with

- 4 -

respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Clarke*, 70 A.3d 1281, 1286 (Pa. Super. 2013) (citing *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super. 2006)).

In this case, Johnson filed a timely notice of appeal and preserved his claim on appeal in a post-sentence motion as well as in his Rule 1925(b) statement. Johnson also included a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his brief. The question remaining for our determination, therefore, is whether Johnson raised a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (internal citations omitted).

In his Rule 2119(f) statement, Johnson argues that the sentencing court abused its discretion by imposing an excessive sentence "given the mitigating factors of his case." Johnson's Brief at 9. In support of his claim, Johnson relies on the testimony of his character witnesses that testified that

he was immature and made mistakes, but that he had potential for rehabilitation. *Id.*

"This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citing *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005)).[2] Thus, we will address the merits of Johnson's claim.

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012), *appeal denied*, 63 A.3d 774 (2013)).

---

[2] This Court has offered "less than a model of clarity and consistency" in determining whether this particular issue raises a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013); *see also Commonwealth v. Seagraves*, 103 A.3d 839, 841-42 (Pa. Super. 2014). Nevertheless, as the *Dodge* Court stated, "unless an en banc panel of this Court or our Supreme Court overturns these decisions, we are bound to follow them." *Dodge*, 77 A.3d at 1273.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.[A.] §§ 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.[A.] § 9781.

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

- 7 -

42 Pa.C.S.[A.] § 9781(d).

*Raven*, 97 A.3d at 1253-54.

Johnson does not argue that the sentencing court applied the guidelines erroneously or sentenced him outside the guidelines. Rather, Johnson asserts that the sentence was excessive in light of mitigating factors testified to at his sentencing hearing that the sentencing court failed to consider. Johnson's Brief at 9. Our review of the record reveals, however, that the sentencing court had the benefit of a PSI Report when fashioning Johnson's sentence. "Where, as here, the trial court has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." *Commonwealth v. Seagraves*, 103 A.3d 839, 842 (Pa. Super. 2014).

Furthermore, the record reflects that the sentencing court considered all mitigating factors prior to sentencing Johnson. At the sentencing hearing, the sentencing court detailed the factors it considered, stating:

> I've considered a number of things here. I've considered the presentence report in its entirety and I'm going to make it a part of the record in this case. I've also considered the Pennsylvania Sentencing Code and all its factors, the guidelines, the testimony of the witnesses that have appeared in support of the defendant, and the various statements made by counsel and the defendant here today.

N.T., 2/12/15, at 21. The sentencing court further stated that it considered Johnson's age, the seriousness of the offenses, and the fact that Johnson had a significant juvenile record. **Id.** at 21-22.

Thus, after reviewing the record, we conclude that there is no evidence of record to establish that the sentencing court "ignored or misapplied the law, exercised its judgement for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Disalvo**, 70 A.3d at 903. Nor is there any basis for us to conclude that the sentencing court's application of the guidelines in this case was clearly erroneous. **See Raven**; 42 Pa.C.S.A. § 9781(c)(2). As a result, we are unable to discern of any abuse of discretion by the sentencing court. Johnson is not entitled to relief on his first issue.

In his second issue on appeal, Johnson raises a question of statutory construction of the sentencing guidelines under 204 Pa. Code § 303.4. This is a question of law and "[t]hus, our standard of review is de novo and our scope of review is plenary." **Commonwealth v. Wilson**, 101 A.3d 1151, 1153 (Pa. Super. 2014) (italicization omitted) (citing **Commonwealth v. Spence**, 91 A.3d 44, 46 (Pa. 2014)). "Consequently, we are not bound by the lower court's conclusions regarding the proper meaning of the applicable provisions of this statute." **Commonwealth v. Devries**, 112 A.3d 663, 670 (Pa. Super. 2015) (citation omitted).

The statute in question provides:

(a) *Prior Record Score categories*. Determination of the correct Prior Record Score category under this section is based on the type and number of prior convictions (§ 303.5) and prior juvenile adjudications (§ 303.6). There are eight Prior Record Score categories: Repeat Violent Offender (REVOC), Repeat Felony 1 and Felony 2 Offender (RFEL), and point-based categories of 0, 1, 2, 3, 4, and 5.

(1) *Repeat Violent Offender Category (REVOC)*. Offenders who have two or more previous convictions or adjudications for four point offenses (§ 303.7(a)(1) and § 303.15) and whose current conviction carries an Offense Gravity Score of 9 or higher shall be classified in the Repeat Violent Offender Category.

(2) *Repeat Felony 1 and Felony 2 Offender Category (RFEL)*. Offenders who have previous convictions or adjudications for Felony 1 and/or Felony 2 offenses which total 6 or more in the prior record, and who do not fall within the Repeat Violent Offender Category, shall be classified in the repeat Felony 1 and Felony 2 Offender Category.

(3) *Point-based Categories (0-5)*. Offenders who do not fall into the REVOC or RFEL categories shall be classified in a Point-based Category. The Prior Record Score shall be the sum of the points accrued based on previous convictions or adjudications, up to a maximum of five points.

204 Pa. Code § 303.4.

Johnson assails the sentencing court's application of the guidelines under section 303.4. Johnson's Brief at 7-8. Johnson contends that the language of subsection 303.4(a)(2) requires six prior convictions or

adjudications, rather than six points, to designate an offender as a RFEL.[3]

*Id.* On that basis, Johnson asserts that he does not meet the requirements of subsection 303.4(a)(2), and thus, the sentencing court improperly designated him as a RFEL. *Id.*[4]

In its order denying Johnson's motion for reconsideration, the sentencing court explained its rationale for classifying him as a RFEL, stating, "Four points were ascribed to the burglary charge and two points for the robbery charge, for a total of six. Therefore, the defendant met the RFEL criteria." Order, 1/29/15, at 1. The sentencing court further states in its 1925(a) opinion that "[t]he defendant was a RFEL under the guidelines. Prior record score is just that, a 'score' or 'points,' not prior 'convictions.'

---

[3] In Johnson's post-sentence motion, he conceded that a representative of the Pennsylvania Commission on Sentencing informed him that the commission "interprets the statutes to mean points – not separate convictions/adjudications as defense counsel argues[.]" *See* Johnson's Post-Sentence Motion, 1/28/15, at 2. Johnson, nevertheless asserted that the commission's "interpretation is at odds with a plain reading of the statute." *Id.* For the reasons set forth herein, we disagree.

[4] Johnson also asserts that he should have been sentenced based on a prior record score of five. Johnson's Brief at 7. Johnson relies on 204 Pa. Code § 303.6 which states, "Only the most serious juvenile adjudication of each prior disposition is counted in the Prior Record Score. No other prior juvenile adjudication shall be counted in the Prior Record Score." *Id.*; 204 Pa. Code § 303.6. Johnson, however, does not present any argument on how the sentencing court erred in applying sections 303.4 and 303.6 to his prior record score. Moreover, Johnson failed to present any evidence before the sentencing court that the prior adjudications used in Johnson's PSI Report were part of the same prior disposition or were otherwise improperly considered for prior record score purposes. Accordingly, this claim is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

- 11 -

The defendant's [prior record score] was accurately calculated and incorporated into the guidelines." Sentencing Court Opinion, 2/13/15, at 1.

After conducting extensive research on this issue, we have not uncovered any Pennsylvania legal authority addressing the question raised. We must therefore undertake an interpretation of the statutory text to ascertain whether section 303.4 requires six points or six convictions or adjudications to designate an offender as a RFEL. In undertaking our review of this issue, we are mindful that the Statutory Construction Act guides our interpretation and provides that "[t]he object of all interpretation and construction of statutes is to ascertain the effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a).

> As we have often recognized, "[t]he General Assembly's intent is best expressed through the plain language of the statute." ***Commonwealth v. Brown***, [] 981 A.2d 893, 897 ([Pa.] 2009); ***Commonwealth v. McCoy***, [] 962 A.2d 1160, 1166 ([Pa.] 2009). Therefore, when the terms of a statute are clear and unambiguous, they will be given effect consistent with their plain and common meaning. 1 Pa.C.S.A. § 1921(b); ***Commonwealth v. Kelly***, [] 801 A.2d 551, 554 ([Pa.] 2002). This means ascribing to the particular words and phrases the definitions which they have acquired through their common and approved usage. 1 Pa.C.S.A. § 1903. It is only in instances where the words of a statute are not explicit, or they are ambiguous, is there need to resort to consideration of the factors in aid of construction enumerated in 1 Pa.C.S.A. § 1921(c). ***McCoy***, [] 962 A.2d at 1166; ***Commonwealth v. Fithian***, [] 961 A.2d 66, 74 ([Pa.] 2008); ***see also*** 1 Pa.C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it

- 12 -

is not to be disregarded under the pretext of pursuing its spirit.").

***Commonwealth v. Gerald***, 47 A.3d 858, 859-60 (Pa. Super. 2012) (quoting ***Commonwealth v. Hart***, 28 A.3d 898, 908 (Pa. 2011)).

Our review of the statutory text of section 303.4(a)(2) reveals that it instructs, in relevant part, that "[o]ffenders who have previous convictions or adjudications for Felony 1 and/or Felony 2 offenses which total 6 or more in the prior record" are deemed a RFEL. 204 Pa. Code § 303.4(a)(2). We agree with Johnson that it is unclear from this language alone whether the number six refers to prior convictions or prior record score points. Johnson's Brief at 7-8. As the statutory language is ambiguous in this regard, we must ascertain the legislature's intention. In so doing, the Statutory Construction Act states that we may consider:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S.A. § 1921(c).

Furthermore, the following presumptions may be used to determine the legislature's intention:

> (1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.
>
> (2) That the General Assembly intends the entire statute to be effective and certain.
>
> (3) That the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth.
>
> (4) That when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language.
>
> (5) That the General Assembly intends to favor the public interest as against any private interest.

1 Pa.C.S.A. § 1922.

This Court has further established that

> [s]ections of statutes are not to be isolated from the context in which they arise such that an individual interpretation is accorded one section which does not take into account the related sections of the same statute. Statutes do not exist sentence by sentence. Their sections and sentences comprise a composite of their stated purpose.

*Commonwealth v. Berryman*, 649 A.2d 961, 956 (Pa. Super. 1994)

(quoting *Commonwealth v. Lurie*, 569 A.2d 329, 331 (Pa. 1990)). "An

interpretation of the language of a statute must remain consistent throughout the statute." *Id*.

Viewing section 303.4 in the context of the Criminal Sentencing Guidelines, we conclude that there is no support for Johnson's assertion that subsection 303.4(a)(2) requires six convictions or adjudications, and not six points on his prior record score. Section 303.2 provides the procedure for determining the guideline sentence. *See* 204 Pa. Code § 303.2. Pursuant to section 303.2, the sentencing court must, in relevant part, "[d]etermine the Prior Record Score as described in § 303.4--§ 303.8." 204 Pa. Code § 303.2(a)(2). Section 303.7 of the Criminal Sentencing Guidelines, entitled, "Prior Record Score--guideline points scoring[,]" establishes the points allocated to each prior conviction and adjudication on a defendant's criminal record. 204 Pa. Code § 303.7(a). Under section 303.7, the prior record score is determined by calculating the number of points for each conviction, which range from one to four points. *Id*. Section 303.7 further cites to section 303.15 of the Criminal Sentencing Guidelines, which provides a "listing of offenses" with a corresponding number of prior record score **points** allocated to each offense. *See* 204 Pa. Code § 303.15. Thus, sections 303.7 and 303.15 indicate that a defendant's prior record score is a calculation of points, not convictions or adjudications.

Viewing section 303.4 in this context, we find it significant that the language of subsection 303.4(a)(2) only provides that subsection

303.4(a)(2) classifies as RFEL those offenders whose previous convictions or adjudications "total 6 or more in the **prior record**[.]" ***See*** 204 Pa.Code 303.4(a)(2) (emphasis added). Subsection 303.4(a)(1), however, specifically delineates that an offender falls within the Repeat Violent Offender Category ("REVOC") if he or she has "two or more **previous convictions or adjudications for four point offenses**[.]" 204 Pa.Code 303.4(a)(1) (emphasis added). The differing language of the two subsections belies Johnson's contention that the legislature intended a RFEL designation to be based upon the number of convictions, not points, in his prior record. As this Court has held:

> [W]here the legislature includes specific language in one section of the statute and excludes it from another, the language should not be implied where excluded. Moreover, where a section of a statute contains a given provision, the omission of such a provision from a similar section is significant to show a different legislative intent.

***Commonwealth v. Kinney***, 777 A.2d 492, 495 (Pa. Super. 2001) (quoting ***Fonner v. Shandon, Inc.***, 724 A.2d 903, 907 (Pa. 1999) (citations and emphasis omitted)).

We find further support for our conclusion in section 303.16(a), which provides the Basic Sentencing Matrix. ***See*** 204 Pa.Code § 303.16(a). The sentencing matrix in section 303.16(a) is based on the same prior record score categories as those defined in section 303.4 and delineates a sentencing recommendation for each category, increasing in severity with

each subsequent category. *See id*. The categories are arranged beginning with the point-based categories in ascending order from zero to five, followed by the RFEL category, and ending with the REVOC. This lends support for the interpretation that after the point-based categories of zero to five points, the legislature intended to impose stricter punishments for those offenders whose prior record scores carry more than five points on their prior record scores. Thus, an offender with six or more points for first- and second-degree felonies is designated as a RFEL and faces a more severe sentencing recommendation. An offender that has two or more four point offenses (totaling eight or more) and meets the required offense gravity score, receives a designation in the REVOC and receives an even more severe sentencing recommendation than those designated as a RFEL.

Johnson baldly states that "a strict interpretation of [section 303.4] requires the [a]ppellant to have six (6) previous juvenile adjudications for Felony 1 or 2 offenses." Johnson's Brief at 8. Although we agree that we must strictly construe penal statutes,

> courts are not required to give words of a criminal statute their narrowest meaning or disregard evident legislative intent." Thus, we will not adopt the strictest possible interpretation if doing so would defeat the plain intent of the legislature. Again, we must bear in mind that the legislature "does not intend a result that is absurd, impossible of execution, or unreasonable, and that the legislature intends the entire statute to be effective and certain."

***Commonwealth v. Brown***, 956 A.2d 992 (Pa. Super. 2008) (internal citations omitted).

If we endorsed Johnson's interpretation of section 303.4, we would be determining that the legislature intended to require a sentencing court to designate an offender in the REVOC and point-based categories by considering the total number of points in their prior record score, but when designating an offender as a RFEL, ignore the number of points and focus solely on the number of convictions. Johnson's interpretation is unreasonable, as the sentencing court would have to apply two separate standards to determine the proper category. The sentencing courts would be required to calculate the number of points for subsections (a)(1) and (a)(3), but would be required to consider only the number of convictions or adjudications without regard for points when considering subsection (a)(2). As our legislature does not intend absurd or unreasonable results, we will not employ an interpretation that would produce such a result.

Accordingly, we conclude that the sentencing court appropriately determined that a RFEL designation under subsection 303.4(a)(2) is based on a calculation of points in a defendant's prior record score rather than the number of convictions or adjudications in his criminal history. The sentencing court therefore properly designated Johnson as a RFEL. Finding no error in the sentencing court's determination, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Bowes, J. joins the Opinion.

Fitzgerald, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2015