J-S93033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARY WINBUSH, | |
| Appellee | No. 1792 EDA 2016 |

Appeal from the Judgment of Sentence April 12, 2016
in the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0000085-2015

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 06, 2017**

The Commonwealth of Pennsylvania appeals from the judgment of sentence imposed on Appellee, Mary Winbush, following her entry of an open guilty plea to involuntary manslaughter and two counts of possession of a controlled substance (oxycodone and alprazolam).[1]  The Commonwealth challenges the discretionary aspects of Appellee's sentence.  We affirm.

We take the relevant facts and procedural history of this matter from our independent review of the certified record.  This case arises from the death of four-year-old J.D., Appellee's granddaughter, while she was in Appellee's care.  J.D.'s parents had abandoned J.D. when she was two

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2504(a) and 35 P.S. § 780-113(a)(16), respectively.

months old, and Appellee cared for her since that time. Appellee did not have medical insurance for J.D. In May of 2014, J.D. became seriously ill with a fever and related symptoms. Appellee obtained amoxicillin from a neighbor in an effort to treat J.D. on her own, but J.D's illness did not resolve. On May 6, 2014, Appellee gave J.D. an adult dose of oxycodone, which Appellee had no prescription for, and J.D. died of an overdose.

On February 3, 2016, Appellee entered a guilty plea to the above-referenced charges, and the trial court deferred sentencing for preparation of a pre-sentence investigation report (PSI). On April 12, 2016, the trial court imposed a mitigated-range sentence of an aggregate term of not less than six nor more than twenty-three months' incarceration to be served in the county correctional facility, followed by two years' probation.

On April 22, 2016, the Commonwealth filed a timely motion for reconsideration of sentence. At the June 6, 2016 hearing on the motion, J.D.'s mother testified that she felt the sentence was too lenient because "it was [Appellee's] responsibility to take care of [J.D.] and [J.D. is] gone because of her." (N.T. Hearing, 6/06/16, at 8).[2] At the conclusion of the hearing, the trial court denied the motion. However, it added as a condition of Appellee's sentence that she complete the drug and alcohol program

_____

[2] J.D.'s mother did not appear at the sentencing hearing because she believed that she could only speak on Appellee's behalf at that time. (**See** Trial Court Opinion, 8/04/16, at unnumbered page 3).

offered at the county correctional facility prior to parole consideration, because she had tested positive for opiates on the day of sentencing.[3] This timely appeal followed.[4]

The Commonwealth raises the following question for our review: "Did the trial court abuse its discretion in sentencing the Appellee to [six] months [of] incarceration for her causing the death of a four year old minor child in her care after testing positive for opiates and despite the request of the child's mother for a lengthy jail sentence?" (Commonwealth's Brief, at 5).[5]

> A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. Prior to reviewing such a claim on its merits:
>
>> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

---

[3] Defense counsel indicated that Appellee had a prescription for the medications she took near sentencing, but was unable to produce the prescription at the time of the hearing. (*See* N.T. Hearing, 6/06/16, at 13-14, 18).

[4] Pursuant to the trial court's order, the Commonwealth timely filed a concise statement of errors complained of on appeal on June 28, 2016. The trial court entered an opinion on August 4, 2016. *See* Pa.R.A.P. 1925.

[5] Appellee did not file a brief.

> When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in [her] brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code . . . .

> *See* [] Pa.R.A.P. 2119(f).

**Commonwealth v. Popielarcheck**, 2016 WL 7103930, at \*4 (Pa. Super. filed Dec. 6, 2016) (case citation omitted).

Instantly, the Commonwealth complied with the first three requirements by filing a timely notice of appeal, a motion for reconsideration of sentence, and by including a separate Pa.R.A.P. 2119(f) statement in its brief. **See id.**; (**see also** Commonwealth's Brief, at 3).

Regarding whether the Commonwealth raised a substantial question:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Commonwealth v. Johnson**, 125 A.3d 822, 826 (Pa. Super. 2015) (citation and quotation marks omitted).

Here, the Commonwealth contends that the trial court imposed an excessively lenient sentence at the lowest end of the mitigated sentencing guideline range, and inappropriately deviated from the standard range, without providing adequate reasons for the light sentence. (**See** Commonwealth's Brief, at 3, 17, 19, 21-22, 24). It argues that the court failed to consider all of the relevant facts and circumstances of this case,

including Appellee's character, lack of rehabilitation or acceptance of responsibility, and the serious gravity of the offense. (**See id.** at 19-20, 24-25). Because we conclude that the Commonwealth has presented a substantial question for our review, we will address the merits of its sentencing claim. **See Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa. Super. 2007) (finding Commonwealth's claim that court abused its discretion in imposing unwarranted lenient sentence without providing sufficient reasons raised substantial question).

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Solomon**, 2016 WL 6900802, at *3 (Pa. Super. filed Nov. 22, 2016) (citations omitted).

In fashioning a defendant's sentence, the court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

We also note:

> . . . [W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along

with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009),

*appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Here, at the sentencing hearing, several of Appellee's family members spoke passionately about her propensity for giving to others and for taking in and helping to raise and financially support many children in the family. (***See*** N.T. Sentencing, 4/12/16, at 4-14, 24). Appellee indicated that she "[took] full responsibility for what happened to [J.D.]," whom she cared for since J.D. was an infant, with no financial support from J.D.'s parents. (***Id.*** at 15). She stated: "I loved [J.D.] with my whole heart, and it was a tragic, tragic—a big mistake on my part, and I take full responsibility[.]" (***Id.***). The Commonwealth acknowledged that this is a very difficult case, and that Appellee did not intend to hurt J.D. (***See id.*** at 17). It also stated its position that a county sentence would be too light given that J.D. died as a result of Appellee's criminal conduct, emphasized Appellee's drug addiction and failure to seek timely treatment, and asked the court to impose a sentence at the top end of the standard range. (***See id.*** at 21-23).

Before imposing Appellee's sentence, the trial court indicated that it had been involved in this case for a long time, and that it had considered all of the information before it, including the PSI report. (***See id.*** at 23). It noted the numerous letters written by members of Appellee's community

detailing the support she provided to them during their lives, Appellee's struggle with opiate addiction, and the terrible mistake she made by giving unprescribed medication to J.D., resulting in great loss. (*See id.* at 23-27). The court explained its rationale for the sentence as follows:

> So now the question becomes, how do we hold [Appellee] accountable. She's before the [c]ourt, she pled guilty to involuntary manslaughter, it's a felony charge, felony of the second degree. The offense gravity score is an eight. I do recognize that she has a prior record score of two. And that prior record score, I believe, a significant portion of that was earned back in around 1998 [for a drug-related conviction.] . . .
>
> And so I'm left to look at our sentencing guidelines [which] call for a period of incarceration in a state correctional institution. And I have to balance that against the loss here. And I have to consider [Appellee's] rehabilitative needs, what if any retribution should be imposed. I do think that a straight probationary sentence would diminish the severity of this offense. I've given it some thought, and I don't think that probation in this case is appropriate.
>
> However, on the other side of the coin, a lengthy period of incarceration in a state correctional institution doesn't seem like it would be warranted at this time.
>
> So what I'm going to do, [Appellee], I'm going to consider the fact that you've lived an otherwise law-abiding life, you have helped others who I've heard from here in this courtroom, you have taken and accepted responsibility for your conduct. I'm going to impose a sentence in the county correctional facility in the mitigated range of six months. I'm going to impose—that will be a [six] to [twenty-three]-month sentence. I'm going to impose a consecutive period of probation. So you're going to be under supervision for quite a while when you're released on this case.

(*Id.* at 28-29).

At the hearing on the Commonwealth's motion for reconsideration, the court heard from J.D.'s mother, who requested a lengthier sentence, and from counsel for both parties regarding Appellee's positive drug screen. (**See** N.T. Hearing, 6/06/16, at 3-17). The court stated that it had given the Commonwealth's motion a great deal of thought, that it had considered all of the sentencing alternatives available to it, and that it did not think that imposition of a state sentence was appropriate in this case. (**See id.** at 19). However, it imposed, as a condition of Appellee's sentence, her completion of a drug and alcohol treatment program prior to parole consideration. (**See id.**).

Thus, the record reflects that the trial court was well aware of and carefully considered all of the facts and circumstances of this case in formulating its mitigated-range sentence. The court provided extensive reasons on the record for the sentence, detailed how it balanced the various relevant factors, and had the benefit of a PSI report. Based on the foregoing, we conclude that the trial court did not abuse its discretion in imposing Appellee's sentence. **See Solomon**, **supra** at *3. Therefore, the Commonwealth's sole issue on appeal does not merit relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/6/2017