J-A11033-17

2017 PA Super 232

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JESSE RAY BUSH, | |
| Appellant | No. 1765 MDA 2016 |

Appeal from the Judgment of Sentence September 29, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007979-2015

BEFORE:  SHOGAN and MOULTON, JJ., and STEVENS, P.J.E.[*]

CONCURRING OPINION BY SHOGAN, J.:          **FILED JULY 19, 2017**

I join my learned colleagues in the Majority in affirming the judgment of sentence entered against Appellant Jesse Ray Bush on September 29, 2016.  I write separately, however, to address the role of certified legal interns in our state appellate courts and to urge our Supreme Court to expand upon that role by permitting oral argument on behalf of indigent clients with a supervising attorney.

At oral argument in this appeal, a certified legal intern appeared on behalf of the Commonwealth under the supervision of the assistant district attorney.  The panel permitted the intern to argue the Commonwealth's position with no objection from opposing counsel.

---

[*]  Former Justice specially assigned to the Superior Court.

Pennsylvania Bar Admission Rules 321 and 322 set forth the circumstances under which a certified legal intern may appear in a civil or criminal matter. 204 Pa. Code §§ 321, 322 (2007). Rule 321 sets forth the requirements for formal participation in legal matters by law students and law school graduates, as follows:

(a) *General rule*. The requirements for eligibility for formal participation in legal matters by a law student or law school graduate pursuant to Rule 322 (relating to authorized activities of certified legal interns) are:

(1) Enrollment in or graduation from an accredited law school or a law school that has been approved by the Board which has filed and is actively pursuing an application for accreditation with the American Bar Association; provided that students who attend or graduated from a law school that is located in a jurisdiction that has a program permitting law students to participate in legal matters which does not afford students attending law school in Pennsylvania the same privilege or opportunity to formally participate in legal matters as a law student in the jurisdiction as is granted to students attending law school in the jurisdiction, shall not be eligible to participate in legal matters pursuant to Rule 322.

(2) Completion of legal studies amounting to at least three semesters, or the equivalent if the law school is on a basis other than the semester basis.

(3) Existence and maintenance of certification as prescribed in Subdivision (b) of this rule.

(4) Introduction to the judge or magisterial district judge before whom the law student or law school graduate is appearing by a member of the bar of this Commonwealth.

(5) Absence of a request for or receipt by the law student or law school graduate of compensation or remuneration of any kind for his or her services from the person on whose

behalf the law student or law school graduate renders services. This paragraph shall not prevent:

(i) An attorney or a law school, legal services program, defender association, or government unit from paying compensation to the law student or law school graduate.

(ii) Any person other than the law student or law school graduate from making such charges for services as such person may otherwise properly require.

(b) *Certification*. Only those law students or law school graduates shall be eligible for the benefits of Rule 322 who have been certified by the dean of their law school as being of good character and competent legal ability, and as being adequately trained to perform as a legal intern. The certification shall be made by filing one copy thereof with the Prothonotary. The certification:

(1) Shall be in writing on a form prescribed by the Board and shall remain in effect until the expiration of 24 months after it is filed, or until the announcement of the results of the first bar examination following the completion of the study of law by the student or law school graduate, whichever is earlier. In the case of a student or law school graduate who passes that examination, the certification shall continue in effect until the student or law school graduate is admitted to the bar.

(2) May be withdrawn at any time by the dean by filing a notice to that effect with the Prothonotary. It is not necessary that the notice state the cause for withdrawal.

(3) May be terminated by the Court at any time without notice or hearing and without any showing of cause.

204 Pa. Code § 321.

Rule 322 sets forth the authorized activities of certified legal interns, and provides, in relevant part:

(a) *General rule*. Subject to the restrictions of this subdivision, a certified legal intern may with the approval of a supervising attorney:

(1) **Appear before any government unit (other than the Supreme, Superior or Commonwealth Courts) in any civil or criminal matter on behalf of any indigent**, if the person on whose behalf the legal intern is appearing consents to such appearance. The supervising attorney must be personally present throughout the proceedings where the legal intern is appearing on behalf of the defendant in a criminal matter where the defendant has the right to counsel under any provision of law.

(2) **Appear in any civil or criminal matter on behalf of the Commonwealth**, if the Attorney General (or the prosecuting attorney in the case of a criminal matter) or his or her authorized representative consents to such appearance. The approval of the supervising attorney and the consent of the party represented required by this subdivision shall be in writing and filed of record in the matter and shall be brought to the attention of the judge or magisterial district judge or the presiding officer of the other government unit.

204 Pa. Code § 322(a)(1),(2) (emphases supplied).

In my experience, some members of the bench and bar are interpreting Rule 322 as completely prohibiting a certified legal intern from appearing as an oral advocate in Pennsylvania's appellate courts. However, I interpret Rule 322 as permitting appellate oral advocacy by a certified legal intern under subpart (a)(2).

- 4 -

As this Court has explained:

> [w]here the legislature includes specific language in one section of the statute and excludes it from another, the language should not be implied where excluded. Moreover, where a section of a statute contains a given provision, the omission of such a provision from a similar section is significant to show a different legislative intent.

*Commonwealth v. Johnson*, 125 A.3d 822, 831 (Pa. Super. 2015) (quoting *Commonwealth v. Kinney*, 777 A.2d 492, 495 (Pa. Super. 2001) (citation and emphasis omitted)). Applying these concepts to Rule 322, I note that subpart (a)(1) includes language which prohibits a certified legal intern from appearing in Pennsylvania's appellate courts **on behalf of an indigent party** in either a civil or criminal matter. 204 Pa. Code § 322(a)(1) (allowing a certified legal intern to appear before any government unit "(other than the Supreme, Superior or Commonwealth Courts)"). However, that limiting language is not included in subpart (a)(2), which allows a certified legal intern to appear **on behalf of the Commonwealth** in **any** civil or criminal matter subject to certain requirements. 204 Pa. Code § 322(a)(2). The limiting language included in Rule 322 subpart (a)(1) but excluded from subpart (a)(2) is not to be

implied in the latter.  **_Id._**[1]; **_Johnson_**, 125 A.3d at 831.  Thus, I agree with the District Attorney of York County that a certified legal intern may present oral argument on behalf of the Commonwealth in the Superior Court if the requirements of Rules 321 and 322 are met.[2]

Further, regarding the limiting language of subpart (a)(1), I agree with my esteemed former sister jurist[3] that the time has come for certified legal interns to serve as oral advocates on behalf of indigents in Pennsylvania's appellate courts.  **_See_** Judge Maureen Lally-Green (ret.), _An Idea Whose Time Has Come: Certified Legal Interns as Oral Advocates in the Pennsylvania Appellate Courts_, 49 Duq. L. Rev. 477 (Summer 2011).  Like Judge Lally-Green, I advocate for amending Rule 322(a)(1) "to delete the prohibition against law student oral advocacy in the Supreme, Superior and

---

[1]  Presumably, the omission of the limiting language in subpart (a)(2) is significant to show a different intent with regard to certified legal interns providing appellate oral advocacy on behalf of indigents versus certified legal interns providing appellate oral advocacy on behalf of the Commonwealth. This "intent" no doubt involves a criminal defendant's constitutional right to counsel and access to civil legal aid.  However, an indigent's access to legal representation, especially within the civil area, may be severely limited given decreasing funding.

[2]  In this case, however, there is no indication in the record that the approval of the supervising attorney was filed in writing pursuant to Rule 322(a)(2) or that the requirements of Rule 321 were met.  I remind the District Attorney of York County of the need to strictly comply with Rules 321 and 322.

[3]  The Honorable Maureen Lally-Green is retired from the Superior Court of Pennsylvania and currently the Dean of The Law School, Duquesne University.

Commonwealth Courts." ***Id***. at 502. Indeed, as Judge Lally-Green's research revealed, the vast majority of state appellate courts and almost all federal courts of appeal permit law students, subject to certain requirements, to present oral argument. ***Id***. at 486.

Two practical concerns underscore my position. First, declining government and private funding for legal services for the poor "means fewer attorneys to provide free legal assistance," particularly in areas of acute civil need. Jo Ciavaglia, *Poor find it harder to get free legal help for civil cases*, BUCKS COUNTY COURIER TIMES (June 7, 2017) at 4. Therefore, allowing certified legal interns to provide oral appellate advocacy on behalf of indigents promotes the beneficial goal of providing additional free legal counsel without straining state and federal funds. Second, "as focused as law schools in Pennsylvania are on the trial court arena, the focus becomes a bit ephemeral when the backdrop is the appellate arena." Lally-Green, J., *An Idea Whose Time Has Come*, 49 DUQ. L. REV. 477, 479. Thus, allowing certified legal interns to provide oral advocacy provides "effective skills training of law students" in the appellate arena. ***Id.*** at 503. This need is highlighted by the American Bar Association's recent adoption of accreditation Standard 303, which requires law schools to provide students beginning their studies in the fall of 2016 with six credits of experiential training. ABA, *Standards 303(a)(3), 303(b), and 304*, MANAGING DIRECTOR'S GUIDANCE MEMO, 1 (March 2015).

Not surprisingly, Rules 321 and 322 safeguard the interests of civil and criminal litigants by mandating that a certified legal intern, the intern's law school, and the supervising attorney comply with specific requirements. I would expand upon those requirements to include completion of an appellate practice course, clinic, or externship prior to being permitted to argue before Pennsylvania's appellate courts.

In conclusion, I respectfully urge the Pennsylvania Supreme Court to reexamine the prohibition set forth in Rule 322(a)(1). Rule 322 should be amended to allow certified legal interns who satisfy all mandated requirements to argue in our appellate courts on behalf of indigent clients.

P.J.E. Stevens joins this Concurring Opinion.