J-S66036-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHAIZ EDWARD BROWN, | |
| Appellant | No. 546 WDA 2017 |

Appeal from the Judgment of Sentence November 22, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0002088-2006

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                     FILED DECEMBER 19, 2017

Appellant, Chaiz Edward Brown, appeals from the judgment of sentence imposed following this Court's judgment order reversing the denial of Appellant's petition filed pursuant to the Post Conviction Relief Act (PCRA),[1] and remanding for resentencing in accordance with the United States Supreme Court's decision in Miller v. Alabama, 567 U.S. 460 (2012).[2]  We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] In Miller, the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."  Miller, supra at 479 (citations omitted).

On September 25, 2008, a jury convicted Appellant of second degree murder, robbery, possession of a firearm without a license, person not to possess a firearm, and possession of a firearm with altered identification marks for his active participation in a drug-related shooting on November 21, 2005, when he was seventeen years of age. On December 22, 2008, the trial court sentenced Appellant on the murder conviction to the then-mandatory sentence of life without the possibility of parole, and a consecutive term of not less than ten nor more than twenty years' imprisonment on the crime of burglary. On December 16, 2011, a panel of this Court affirmed in part, and vacated in part. (See Commonwealth v. Brown, 40 A.3d 195 (Pa. Super. 2011) (unpublished memorandum)). The Pennsylvania Supreme Court denied further review on July 2, 1012. (See Commonwealth v. Brown, 47 A.3d 843 (Pa. 2012)).

On July 26, 2012, Appellant filed a PCRA petition, which the court dismissed on July 31, 2014. Appellant appealed and, on May 7, 2015, this Court reversed the court's order and remanded for resentencing pursuant to Miller and its progeny. (See Commonwealth v. Brown, No. 1288 WDA 2014, unpublished memorandum, at *2-3 (Pa. Super. filed May 7, 2015)).

On November 16 and 22, 2016, the trial court held a resentencing hearing. On November 22, 2016, the trial court sentenced Appellant to a term of imprisonment of not less than forty years nor more than life for his conviction of second-degree murder, with no further penalty imposed on his

remaining convictions. Before imposing Appellant's sentence, the court expressly "note[d] that the sentencing scheme provided by the Pennsylvania Crimes Code[3] is not applicable as a mandatory sentence because of the time when this homicide occurred." (N.T. Resentencing, 11/22/16, at 22). Appellant's post-sentence motions were denied on March 27, 2017, and he timely appealed.[4]

Appellant raises one issue for our review.

1. Did the trial court err in denying Appellant's post sentencing motions since Appellant's murder 2 sentence of 40 years to life imprisonment was manifestly excessive since Appellant showed remorse and accepted responsibility for his crimes, he had been taking steps to rehabilitate himself since 2005, when first incarcerated prior to trial, and he and his family members, and the expert reports of both the defense and the Commonwealth, demonstrated he was a changed and rehabilitated person, he has

_____

[3] The Pennsylvania Legislature enacted section 1102.1 of the Crimes Code, in response to the decision in Miller. Section 1102.1 provides, in pertinent part:

A person who has been convicted after June 24, 2012, of a murder of the second degree . . . and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:

(1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of imprisonment the minimum of which shall be at least 30 years to life.

18 Pa.C.S.A. § 1102.1(c)(1).

[4] Appellant filed a timely statement of errors complained of on appeal pursuant to the court's order, on April 7, 2017. See Pa.R.A.P. 1925(b). The court filed an opinion on August 4, 2017. See Pa.R.A.P. 1925(a).

already served 11.5 years in prison, and it is unreasonable to believe that it will take at least another 28.5 years, when he will be 57 years old (and first eligible for parole, but not necessarily paroled), for Appellant to reach the point at which he can return to and become a productive and positive member of society? Moreover, did the trial court err in sentencing Appellant since it stated in its trial court opinion that it was "required to follow the guidelines as set forth in 18 Pa.C.S.A. § 1102.1" in the instant case, and impose a sentence of at least 30 years to life?

(Appellant's Brief, at 3) (unnecessary capitalization omitted).

Appellant's primary claim[5] is that his sentence was manifestly excessive and that the trial court failed to consider mitigating factors. (See id. at 3, 19-

_____

[5] Appellant also includes a one-paragraph argument that the court misapplied the law when sentencing him because, in its Rule 1925(a) opinion, it noted that the mandatory minimum sentence provided by 18 Pa.C.S.A. § 1102.1 was applicable to him. (See Appellant's Brief, at 28-29). Because this argument goes to the legality of Appellant's sentence, our standard of review is de novo and our scope of review is plenary. See Commonwealth v. Hawkins, 45 A.3d 1123, 1130 (Pa. Super. 2012), appeal denied, 53 A.3d 756 (Pa. 2012). However, upon review of the record and the complete explanation provided in the trial court's Rule 1925(a) opinion, we conclude that this claim lacks merit.

First, there is nothing in the record to suggest that the trial court applied this statute in sentencing Appellant. To the contrary, immediately before sentencing him, the court expressly, and properly, stated, "the sentencing scheme provided by the Pennsylvania Crimes Code is not applicable as a mandatory sentence because of the time when this homicide occurred." (N.T. Resentencing, 11/22/16, at 22) (emphasis added). Additionally, although the court's Rule 1925(a) opinion did improperly note the applicability of the statute, it then thoroughly detailed the factors it took into consideration before it imposed Appellant's sentence at the low end of the standard range. (See Trial Court Opinion, 8/04/17, at 4-5). Therefore, based on our review of the resentencing transcript and the Rule 1925(a) opinion in their entirety, it is clear that, while the opinion does make one improper reference to the applicability of section 1102.1, the court did not actually consider the statute when imposing Appellant's sentence. See Hawkins, supra at 1130. Therefore, Appellant's claim fails.

28).   This argument challenges the discretionary aspects of his sentence, which "should be considered a petition for allowance of appeal." Commonwealth v. Johnson, 125 A.3d 822, 825 (Pa. Super. 2015) (citation omitted).   Therefore:

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine:  (1) whether the appeal is timely;  (2) whether Appellant preserved his issue;  (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence[, see Pa.R.A.P. 2119(f)];  and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

Id. at 825-26 (case citation omitted).

Instantly, the appeal is timely, Appellant preserved the excessiveness challenge in a post-sentence motion, and he filed a Rule 2119(f) statement in his brief that raises a substantial question.   (See Post Sentencing Motions, 11/29/16, at 7; Appellant's Brief, at 14-18); see also Johnson, supra at 826 ("This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citation and footnote omitted).   Therefore, we will consider the merits of this issue.

Our standard of review of this matter is well-settled:

> . . . Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.   In this context, an abuse of discretion is not shown merely by an error in judgment.   Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Bullock, ___ A.3d ___, 2017 WL 3763089, at *8 (Pa. Super. filed Aug. 31, 2017) (citations and quotation marks omitted).

Here, our independent review of the record reveals that the trial court did not abuse its discretion in sentencing Appellant. Specifically, in its opinion, the court explained:

> At the time of [Appellant's] resentencing hearing, this court had the benefit of information provided by Dr. Bruce Wright, a psychiatrist who had examined [Appellant] in light of the factors that would be required. This court was aware of the guidelines that were applicable to the charge of second-degree murder in [Appellant's] case which indicated that a mitigated range sentence was anywhere from four hundred eight to four hundred forty-four months, a standard range sentence from four hundred forty-four months to six hundred twenty-four months, and an aggravated range sentence of six hundred twenty-four months to six hundred sixty months. In looking at those guidelines, it is readily apparent that the mitigated range sentence would be anywhere from thirty-four to thirty-seven years, a standard range, thirty-seven to fifty-two years, and an aggravated range of fifty-two to fifty-five years. The sentence imposed upon [Appellant] of forty years to life was three years more than the bottom end of the standard range but [] twelve years [lower] than the top of the standard range.

> This court evaluated [Appellant's] sentence in light of the information provided by two experts and believed that Dr. Wright's information was more compelling than Mr. Mutuscak's. In addition, the court as noted in its original opinion found the crimes committed by [Appellant] were premeditated since he was talking about committing the robbery from the moment that he got up on the date that the homicide occurred. The information provided by the Commonwealth was more compelling than [Appellant's] information and, accordingly, this court imposed a standard range sentence upon [Appellant] which was near the bottom end of the standard range in accordance with the guidelines that were applicable to his crime. In viewing [Appellant's] sentence in light of all of the information that was

provided at the time of the resentencing hearing, it is clear that the sentence that was imposed upon him was fair, just and appropriate[.]

(Trial Ct. Op., at 4-6) (some capitalization omitted).

We discern no abuse of discretion in the trial court's analysis. Additionally, our review of the notes of testimony of the November 22, 2016 resentencing hearing reveals that the court heard the arguments of counsel and the testimony of Appellant. (See N.T. Resentencing, 11/22/16, at 2-20). It listened to the testimony of the victim's family members and Appellant's witnesses.[6] (See id. at 2). It considered Appellant's capacity for change, as reflected in the extensive psychological reports authored by Appellant's and the Commonwealth's experts. (See id. at 21-22). Finally, the court contemplated Appellant's age at the time of committing the crime, before resentencing Appellant at the bottom end of the standard range. (See id. at 21).

---

[6] Both parties agree that witnesses testified on their behalf at a first re-sentencing hearing held on November 16, 2016. (See Appellant's Brief, at 25-26; Commonwealth's Brief, at 6, 16-18). However, the certified record provided to this Court only contains the transcript from the November 22, 2016 hearing, and our attempt to obtain the November 16, 2016 transcript was unsuccessful. Because the parties agree that the individuals did testify, and concur about what Appellant's witnesses testified to, (see Appellant's Brief, at 15-16; Commonwealth's Brief, at 16-18), this does not hamper our review.

Based on the foregoing, we conclude that the trial court properly exercised its discretion in resentencing Appellant.  See Bullock, supra at *8.  Appellant's claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2017