J-S75037-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   :             PENNSYLVANIA
                                                     :
                 v.                              :
                                                     :
TREVOR A. MCGARVIE                :
                                                     :
              Appellant             :     No. 1148 WDA 2019

Appeal from the Judgment of Sentence Entered June 28, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000821-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   :             PENNSYLVANIA
                                                     :
                 v.                              :
                                                     :
TREVOR ALLEN MCGARVIE           :
                                                       :
              Appellant             :     No. 1149 WDA 2019

Appeal from the Judgment of Sentence Entered June 28, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000944-2018

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:           FILED FEBRUARY 4, 2020

    In these consolidated cases, Trevor Allen McGarvie (McGarvie) appeals

from the judgment of sentence imposed following his entry of guilty pleas at

_____

[*] Retired Senior Judge assigned to the Superior Court.

the above-listed docket numbers to Theft by Unlawful taking and Contraband.[1] McGarvie challenges the discretionary aspects of his sentence. We affirm.

On May 2, 2019, McGarvie entered the above-mentioned pleas. The convictions arose from separate incidents in which he stole a motorcycle and brought contraband (marijuana) into a correctional facility. On June 28, 2018, the trial court sentenced McGarvie to an aggregate term of not less than thirty nor more than seventy-two months' incarceration. The sentence included a mandatory minimum term of imprisonment of not less than two years for the contraband offense.[2] McGarvie did not file a post-sentence motion. He timely appealed and he and the trial court complied with Rule 1925. See Pa.R.A.P. 1925(a)-(b).

As previously noted, McGarvie challenges the discretionary aspects of his sentence. He argues that the trial court failed to adequately weigh several mitigating factors in his background, specifically, that he had no prior criminal history; that he took responsibility for his possession of the marijuana upon arrival at the correctional facility; his young age; and past military service. (See McGarvie's Brief, at 6-8). However, we agree with the trial court and the Commonwealth that this issue is waived. (See Trial Court Opinion, 8/23/19, at 1-2; Commonwealth's Brief, at 9-11).

_____

[1] 18 Pa.C.S. §§ 3921(a) and 5123(a).

[2] See 18 Pa.C.S. § 5123(a.1).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." Commonwealth v. Conte, 198 A.3d 1169, 1173 (Pa. Super. 2018), appeal denied, 206 A.3d 1029 (Pa. 2019) (citation omitted). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." Id. (citation omitted). "We conduct this four-part test to determine whether: (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review." Id. (citation omitted).

It is well-settled that objections to the discretionary aspects of a sentence are waived if a defendant does not raise them at the sentencing hearing or in a post-sentence motion. See Commonwealth v. Padilla-Vargas, 204 A.3d 971, 976 (Pa. Super. 2019); see also Pa.R.A.P. 302(a). Instantly, McGarvie did not raise the issue of the court's lack of consideration of mitigating factors at sentencing or in a post-sentence motion and, therefore, it is waived.[3]

_____

[3] Moreover, the record reflects that a pre-sentence investigation report was prepared in this case. (See N.T. Sentencing, at 4). In cases where "the trial court has the benefit of a pre-sentence report, we presume that the court was

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/04/2020

---

aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." Commonwealth v. Johnson, 125 A.3d 822, 827 (Pa. Super. 2015) (citation omitted).

Further, the notes of testimony from the sentencing hearing demonstrate that the trial court did consider mitigating factors in imposing its sentence, but noted that the contraband offense was serious and carried a mandatory minimum sentence, and that consecutive sentences were appropriate given that the crimes were separate and distinct, occurring on different days. (See N.T. Sentencing Hearing, at 8-9; Trial Ct. Op., at 2).