J-S57042-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRED AVERY, JR., | : | |
| | : | |
| Appellant | : | No.  3947 EDA 2017 |

Appeal from the Judgment of Sentence November 6, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006321-2013
CP-51-CR-0006322-2013

BEFORE:    PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 04, 2018**

Fred Avery Jr. (Appellant) appeals from the judgment of sentence imposed after he pleaded guilty to violations of the Uniform Firearms Act (VUFA), possession of an instrument of a crime, two counts of terroristic threats, two counts of simple assault, and two counts of recklessly endangering another person (REAP).  We affirm.

On April 9, 2013, Appellant was arrested and charged with, *inter alia*, the above-referenced crimes after an altercation with his father and sister the day before.  As summarized by the Commonwealth at Appellant's guilty plea hearing:

> [O]n April [8,] 2013, at approximately 4:45 p.m., [Appellant] arrived at the home of his sister, Iris Washington, which is located at 4451 North 20th Street here in the city and county of Philadelphia.  [Appellant] was in the car with his father, Fred Avery, Sr.

*Retired Senior Judge assigned to the Superior Court.

At th[at] time, [Appellant] exited the car, pointed a gun at his sister, [Ms.] Washington, and threatened to kill her. … After [Appellant] pointed the gun at his sister, he then turned the gun on his father, Fred Avery, Sr., and threatened to kill him. Police responded to the scene and [Appellant] threw the gun back into the car. When police arrived, they recovered from a Ford Traveler conversion van a 12 gauge single barrel shotgun and placed it on a property receipt. The gun was sent to the Firearms Identification Unit and that gun was tested and found to be operable. … [Additionally, Appellant had] a felony conviction making him ineligible to possess a firearm.

N.T., 3/3/2017, at 10-11.

On March 3, 2017, Appellant entered an open guilty plea. The trial court ordered a pre-sentence investigation (PSI) report, mental health and drug and alcohol evaluations and set a date for sentencing. After several continuances, a sentencing hearing was held on November 6, 2017. At the hearing, the trial court

reviewed the [PSI] report, mental health evaluation, and the guideline calculations. The [trial c]ourt noted [Appellant] has a history of bipolar disorder and a history of polysubstance abuse and that the mental health examiner recommended a dual-diagnosis treatment. The [trial c]ourt recognized that "due to the aggressive nature of the charges against him, [Appellant] would benefit from anger management therapy." The [trial c]ourt noted the evaluation summary on the [PSI] report indicated [Appellant] was not an amenable candidate for community supervision and a recommendation that the sentence include intensive supervision during any period of community supervision, anger management, require [Appellant] to submit to random urinalysis, abstain from future drug and alcohol use, participate in job training in order to assist with future employment, and obtain and maintain employment. … The guidelines calculation indicated [Appellant] had a prior record score of RFEL.[1]

---

[1] Repeat felony offender.

Trial Court Opinion, 3/26/2018, at 2-3.  After listening to arguments by Appellant and the Commonwealth, the trial court imposed an aggregate sentence of five to ten years' incarceration[2] to run consecutive to a sentence Appellant was currently serving.[3]

No post-sentence motion was filed and on December 6, 2017, Appellant filed a timely notice of appeal.[4]  Appellant's sole issue on appeal challenges the discretionary aspects of his sentence.  Appellant's Brief at 12.  Specifically, Appellant avers the trial court "erred and abused its discretion when it ordered [Appellant's] sentence to run consecutively to the one [Appellant] was already serving, thereby creating an aggregate sentence which far surpassed what was required to protect the public, the complainant or the community and was well beyond what was necessary to foster rehabilitation."  *Id.* (unnecessary capitalization omitted).

---

[2]  Specifically, the trial court sentenced Appellant to 5 to 10 years' incarceration for possession of a firearm by a prohibited person.  Appellant's sentences of 3 to 7 years' incarceration for firearm not be carried without a license, 2 to 5 years' incarceration for carrying a firearm on a public street in Philadelphia, and 1 to 2 years' incarceration for terroristic threats were all to run concurrent to Appellant's sentence for possession.  There were no further penalties imposed for Appellant's conviction of simple assault and REAP.

[3] At the time of his sentencing hearing, Appellant was already serving a sentence of 25 to 55 years' incarceration on an unrelated matter.  N.T., 11/6/2017, at 7.  Appellant's convictions in that prior case stemmed from his assault on prison guards while he was incarcerated.  *Id.* at 13.

[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

The record reflects that Appellant timely filed a notice of appeal. However, Appellant did not present a challenge to his sentence at his sentencing hearing, and our review of the certified record reveals Appellant failed to file a post-sentence motion. Appellant, therefore, has waived his sole issue on appeal. ***See Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004) ("Issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. This failure cannot be cured by submitting the challenge in a [] 1925(b) statement.") (citations and internal quotation marks omitted). ***See also Commonwealth v. Tejada***, 107 A.3d 788, 799 (Pa. Super. 2015) (holding discretionary aspects claims not raised at sentencing or in a post-sentence motion are not subject to our

review, even if raised in 1925(b) statement and addressed in the trial court's 1925(a) opinion).

Even if he properly preserved this issue, Appellant's claim that the trial court abused its discretion by ordering Appellant's sentence to be served consecutively to a sentence he was already serving does not present a substantial question for our review. "A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question." *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (citation omitted). *See also Commonwealth v. Mastromarino*, 2 A.3d 581, 586–87 (Pa. Super. 2010) ("Long standing precedent of this Court recognizes that 42 Pa.C.S.[ § 9721] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed."). Rather, "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*) (citation omitted).

Here, at the time of Appellant's sentencing hearing, Appellant was already serving a 25 to 55 year sentence for, *inter alia*, aggravated assault and attempted murder. Additionally, in the instant case Appellant had entered

into an open guilty plea, allowing the trial court to decide the period of incarceration and whether the sentence should run concurrently or consecutively to the already imposed sentence. At sentencing, the trial court, in its discretion, elected to impose Appellant's 5-to-10-year sentence consecutively because "[d]espite already serving lengthy sentences of incarceration, [Appellant] chose to continue to commit violent crimes and has not shown evidence of rehabilitation." Trial Court Opinion, 3/26/2018, at 12.

At his sentencing hearing, Appellant asked the court to impose a concurrent sentence, arguing that "adding additional consecutive time" would be cruel and unusual and, because he just began serving his 25-[to-55-]year sentence, he was already "going to die in jail." N.T., 11/6/2017, at 11. In its opinion to this Court, the trial court rejected Appellant's argument, noting Appellant "committed these crimes when he was 50 years old with a prior record score of RFEL." Trial Court Opinion, 3/26/2018, at 12. Furthermore, the trial court found

> it was within [its] power to make all sentences for the charges for which [Appellant] entered a guilty plea [] run consecutive to each other rather than concurrent. [Appellant] faced a total aggregate sentence of 20 to 40 years['] incarceration, which the [c]ourt could have run consecutive to [Appellant's] sentence [he was already serving]. Instead, the [c]ourt ran all of [Appellant's] sentences in this case concurrent with each other and consecutive to [his other] sentence. The sentence imposed is also lower than the aggregate 6 to 12 years['] incarceration to run consecutive[ly] that was requested by the Commonwealth.

*Id.* at 11-12.

In this case, because the trial court's decision to sentence consecutively did not raise the aggregate sentence to an excessive level in light of the criminal conduct at issue, based on controlling case law, Appellant's claim does not present a substantial question warranting our review.[5] ***Zirkle***, 107 A.3d at 133-34.

Based on the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

---

[5] The writer of this Memorandum is aware of the virtually unfettered discretion given to trial judges who are deciding whether to impose consecutive or concurrent sentences. ***See Commonwealth v. Zirkle***, 107 A.3d 127, 136 (Pa. Super. 2014) (Strassburger, J., concurring). Nevertheless, the law is well settled that a substantial question must be presented in order for this Court to review the trial court's discretion, and, based on that law, Appellant does not present one here.

Moreover, even if this issue were to present a substantial question, based on our case law, we would conclude that the decision to impose the sentence consecutively in this case was within the trial court's discretion. In finding as such, we are cognizant of and sympathetic to Appellant's mental health struggles. Nonetheless, given the broad discretion afforded to trial courts and because Appellant has failed to demonstrate that in imposing the sentence at issue the trial court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision[,]" we are without authority to disturb Appellant's judgment of sentence. ***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015) (citation omitted). Finally, we note that the trial court, aware of Appellant's mental health issues, ordered Appellant to undergo, *inter alia*, mental health treatment "while in jail and upon release." N.T., 11/6/2017, at 27.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: <u>12/4/18</u>