J-S50003-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHAN WOLFE | : | |
| | : | |
| Appellant | : | No. 969 WDA 2017 |

Appeal from the Judgment of Sentence May 31, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003661-2009

BEFORE: BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: FILED DECEMBER 27, 2018

Nathan Wolfe appeals from the judgment of sentence of two to four years imprisonment, followed by three years probation, imposed following the revocation of his probation. We affirm.

The violation of probation ("VOP") court offered the following succinct summary of the history of this case:

> In 2009, [Appellant] was convicted of possession of a controlled substance, possession with the intent to deliver a controlled substance ("PWID") [and other offenses]. He was originally sentenced to a term of imprisonment of not less than 24 months nor more than 48 months followed by five years' probation. On May 31, 2017, [Appellant] appeared before th[e VOP c]ourt to address allegations that he violated the terms of his probation [by failing to maintain contact with his probation officer and using illiegal drugs]. Th[e VOP c]ourt revoked the term of probation and imposed the sentence set forth above. This appeal followed.

VOP Court Opinion, 1/22/18, at 1.

Both Appellant and the VOP court complied with Pa.R.A.P. 1925. Appellant presents the following question for this Court's review: "Whether the sentence imposed was manifestly excessive, unreasonable, and an abuse of discretion where a sentence of total incarceration was imposed following technical violations of probation, and the [VOP] court failed to consider the character, nature, and rehabilitative needs of [Appellant]?" Appellant's brief at 7 (unnecessary capitalization omitted).

The following principles apply to our consideration of whether Appellant's question raises a viable challenge to the discretionary aspects of his sentence.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

Commonwealth v. Samuel, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (citations omitted).

Appellant filed a timely notice of appeal and preserved the issue in a timely post-sentence motion seeking reconsideration of his sentence. Appellant's brief contains a statement of reasons relied upon for his challenge

to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f).[1] Thus, we consider whether Appellant has raised a substantial question.

Appellant avers that his aggregate sentence is manifestly unreasonable and excessive. He contends that the court failed to consider his individual circumstances such as his "character, nature, and rehabilitative needs." Appellant's brief at 18. Appellant further complains that the sentence is excessive considering that his violations were technical. Id. at 19.

We conclude that Appellant has raised a substantial question. See Commonwealth v. Johnson, 125 A.3d 822, 826 (Pa.Super. 2015) (quoting Commonwealth v. Raven, 97 A.3d 1244, 1253 (Pa.Super. 2014)) ("This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question."); Commonwealth v. Schutzues, 54 A.3d 86, 98 (Pa.Super. 2012) ("An argument that the trial court imposed an excessive sentence to technical probation violations raises a substantial question."). Therefore, we shall proceed to address the merits of Appellant's claim.

We review the VOP court's sentencing determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of

---

[1] The five-page statement is not a "concise" one as is contemplated by Pa.R.A.P. 2119(f).

partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Antidormi, 84 A.3d 736, 760 (Pa.Super. 2014). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." Commonwealth v. Macias, 968 A.2d 773, 778 (Pa.Super. 2009).

"When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." Id. at 761 (citations and quotation marks omitted). Further, regarding prison sentences imposed following the revocation of probation, the Sentencing Code provides as follows:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
>> (1) the defendant has been convicted of another crime; or
>>
>> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>>
>> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Appellant's argument is that his relapse into drug use was not "a rejection of th[e VOP c]ourt's mercy" but instead a reflection of the fact that

he needs to learn how to stay clean "when he's out on the street regardless of what program he's in." Appellant's brief at 22 (quoting N.T. Sentencing, 5/31/17, at 6). Appellant contends that he has paid the price for past mistakes through his original term of incarceration, and "[d]espite the fact that [he] technically violated his probation, he does not need to be incarcerated for up to four years as a result." Id. at 24.

The VOP court addressed Appellant's sentencing challenge as follows.

The record in this case supports the sentence imposed by th[e VOP c]ourt. [It] considered the contents of the presentence report. [It] noted that [Appellant] was provided with ample opportunities to conform his conduct to the dictates of the law but chose not to do so. [Appellant] was on probation for a drug dealing offense. That conviction resulted in a state prison sentence being imposed. After being released on probation, [Appellant] submitted to drug testing on August 11, 2015 when he tested positive for the use of opiates. After a probation violation hearing with th[e VOP c]ourt on October 21, 2015, [Appellant] was placed at the ACTA program for drug treatment. On April 13, 2016, [Appellant] completed the ACTA program. He was released to reside with his sister in Ford City (Armstrong County), Pennsylvania. On September 13, 2016, [Appellant] was advised that he was going to be tested for narcotics and he was going to be transported to the Community Action facility for a meeting to determine where he would be housed. [Appellant] was instructed to contact his probation agent to let him know he was going to be placed by Community Action. [Appellant] never contacted his agent and an arrest warrant was issued. After the warrant was issued, [Appellant] called his probation agent and advised that he would continue to reside with his sister. [Appellant] was advised to report to the Butler Sub Office on October 12, 2016. He complied with that request and the warrant was extinguished. On November 2, 2016, [Appellant] tested positive for opiates and cocaine. He was advised to report to the Butler Sub Office but he failed to report. [Appellant] eventually made contact with his agent but advised his agent that he would not report as instructed and he was "going to have fun until he was picked up." On November 4, 2016 a warrant was issued for

[Appellant]. He was arrested on November 26, 2016 at a hospital. He was brought before th[e VOP c]ourt due to his failure to maintain contact with his probation officer and because he refused to abstain from the use of drugs.

[Appellant] himself was interviewed. He explained that he was using between 10 to 20 stamp bags of heroin per day prior to his arrest. He claimed that his drug use was the worst it had ever been. He acknowledged that he was not compliant with the terms of his probation and that he was "on the run" at the time of his arrest. [Appellant] told the presentence investigator that he did not say he "wanted to have fun." [Appellant] indicated that he wanted to spend time with his daughter over the holidays. As set forth below, [Appellant's] sister provides a very different perspective.

The presentence report contained an interview with [Appellant's] sister. She believes that [Appellant] is trying to play everyone. She explained that [Appellant] is no longer permitted to reside with her due to his drug use. She stated that he was at the hospital at the time of his arrest because he was using drugs at her house and exhibited signs of an overdose. He was removed from her bathroom and taken from her residence directly to the hospital by ambulance. She indicated that his drug use was substantial. She stated that incarceration is the only thing that could help her brother because he repeatedly uses drugs when he is not in custody. [Appellant's] sister also indicated that [Appellant] did not go on the run to spend time with his daughter. [Appellant's] sister indicated that on two different occasions, she had to force [Appellant] to go to her house to see his daughter.

Th[e VOP c]ourt does not believe that any type of out-patient rehabilitation would be beneficial to Appellant. Th[e VOP c]ourt is convinced that [Appellant's] conscious, repeated decisions to use drugs on the street requires incarceration. Th[e VOP c]ourt believes that any rehabilitation and treatment should occur while the defendant is incarcerated in a secure facility, i.e., state prison.

Despite having many opportunities to do so, [Appellant] repeatedly fails to conform his conduct to the dictates of the law. He continues to use heroin at a substantial pace, creating a danger to himself. He continues to violate the law. He does not respond to the lawful authority of the probation office and its agents nor

does he comply with treatment. He does not attempt to seek employment or care for his daughter. In sum, th[e VOP c]ourt imposed the sentence it did because of [Appellant's] persistence in participating in drug use despite having already having served a state prison sentence and parole for the same precise conduct. The need to protect society from [Appellant's] criminal conduct and his need for regimented treatment in a state prison facility warranted the sentence imposed in this case.

VOP Court Opinion, 1/22/18, at 4-6 (footnotes omitted).

From this, we cannot conclude that the VOP court committed an abuse of discretion in determining that a substantial term of incarceration was warranted. First, the fact that the VOP court reviewed the presentence investigation report prepared for the VOP sentencing,[2] leads to the presumption "that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." Commonwealth v. Baker, 72 A.3d 652, 663 (Pa.Super. 2013). Further, the sentencing transcript reflects that the VOP court considered the arguments for leniency raised by Appellant, but found him to lack credibility or the ability to change his behavior absent a substantial period of incarceration. See N.T. Sentencing, 5/31/17, at 8-9. Hence, Appellant's claim that the VOP court failed to consider his individual rehabilitative needs is belied by the record.

The certified record also supports the trial court's conclusion that probation has been ineffective in rehabilitating Appellant and that a significant prison sentence is necessary to vindicate the authority of the court and protect

_____

[2] See N.T. Sentencing, 5/31/17, at 2.

Appellant and the public from Appellant's drug use. See, e.g., Commonwealth v. Colon, 102 A.3d 1033, 1045 (Pa.Super. 2014) (affirming VOP sentence of four to twelve years incarceration, imposed to protect the public and vindicate the authority of the court, where defendant with history of a history of substance abuse and mental health issues engaged in antisocial conduct while on probation following release from inpatient treatment). As the VOP court noted, Appellant's original conviction for heroin delivery was in 2009, yet in 2017, he was still associating with drug dealers and his drug use has not abated. See N.T. Sentencing, 5/31/17, at 8.

Appellant essentially asks this Court to reweigh the factors and substitute our judgment for that of the VOP court, which is something we may not do. Macias, supra at 778. Appellant has not shown that "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." Antidormi, supra at 760. Thus, he is entitled to no relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/27/2018</u>