J-S01037-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                              :         PENNSYLVANIA
              Appellee        :
                              :
        v.                   :
                              :
SHAKOUR BROWN,            :
                              :
           Appellant      :     No. 2631 EDA 2018

Appeal from the Judgment of Sentence Entered January 30, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012829-2015

BEFORE:    BOWES, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED FEBRUARY 12, 2020**

Shakour Brown (Appellant) appeals *nunc pro tunc* from the January 30, 2018 judgment of sentence entered after the trial court granted Appellant's petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and restored his right to file a direct appeal. We affirm.

We provide the following background. On October 11, 2017, Appellant entered an open guilty plea to robbery, robbery of a motor vehicle, receiving stolen property, unlawful restraint, and fleeing.[1] That same day, Appellant

---

[1] The following summary of facts was offered by the Commonwealth at Appellant's guilty plea hearing:

> [O]n August 28[], 2015[,] at approximately 12:48 [a.m.],
> Officer[s] Ngo[] and Mortarel were on patrol in the area of 1400
> South 17th Street [in Philadelphia], the officers observed a black

*(Footnote Continued Next Page)*

*Retired Senior Judge assigned to the Superior Court.

was sentenced to five years of probation for unlawful restraint. Sentencing was deferred on the remaining counts to allow for a pre-sentence investigation report and mental health assessment. On January 30, 2018, the trial court sentenced Appellant to concurrent terms of two to seven years of incarceration for receiving stolen property and fleeing. Consecutive to those terms of incarceration, the trial court sentenced Appellant to concurrent terms of 6 to 20 years for robbery and robbery of a motor vehicle.

*(Footnote Continued)* ───────

Ford Mustang disregard a stop sign in the intersection of 17th and Reed [streets]. The officers activated their lights and sirens and pulled the vehicle over at 17th and Dickinson [streets]. As soon as they exited their patrol vehicle, the Mustang took off at a high rate of speed. The offending vehicle then traveled westbound on Dickinson [street], which is an eastbound street. The officers pursued the Mustang eastbound on Mifflin [street] where the Mustang rear-ended a white Nissan Altima[]. The fleeing vehicle then made a right onto Mifflin [street] off of 1900 South Camac Street where it struck an unattended parked vehicle. The officers gave chase and pursued the fleeing male on foot as he ran south on 1900 Camac [street] with the following flash information given to police radio: Black male, dreadlocks, white T-shirt.

The offender, later identified as [Appellant], then ran to the corner of Camac and McKean [streets] and pulled the operator of a gray Nissan Maxima out of the driver's seat of the vehicle and sped off, which was occupied with two females in the rear of the vehicle. This vehicle was later found at 9th and Ritner [streets], however, the offender was not apprehended at that time.

N.T., 10/11/2017, at 10-11. Among the items recovered from the Mustang were identification cards bearing Appellant's name. Additionally, "[l]ineups were shown and two positive identifications were made of [Appellant]." *Id.* at 11-12.

- 2 -

On February 8, 2018, Appellant filed a post-sentence motion. That motion was denied by operation of law on June 11, 2018. On September 6, 2018, Appellant filed a PCRA petition to reinstate his appellate rights *nunc pro tunc*. The trial court granted Appellant's petition, and this timely-filed appeal followed.[2]

On appeal, Appellant argues that the aggregate sentence imposed was "manifestly excessive in that the lower court failed to give adequate weight to [Appellant's] family life, the fact that he is [a] father to a young daughter, and the other mitigating evidence presented on his behalf at the sentencing hearing[.]" Appellant's Brief at 3.

Appellant challenges the discretionary aspects of his sentence.[3] Thus, we consider this issue mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the

---

[2] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

[3] Because Appellant entered an open guilty plea, he is not precluded from appealing the discretionary aspects of his sentence. *See* **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal *nunc pro tunc*, preserved the issue in a post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, we now consider whether Appellant has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the

appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his Pa.R.A.P. 2119(f) statement, Appellant contends that a substantial question exists because the trial court failed "to give adequate weight to [Appellant's] family life, the fact that he is [a] father to a young daughter, and the other mitigating evidence such as his acceptance of responsibility." Appellant's Brief at 8. Such a claim does not present a substantial question for our review. *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question.").

Even if Appellant had raised a substantial question, his argument on appeal is nothing more than a request for this Court to reweigh the sentencing factors differently than the trial court. *See* Appellant's Brief at 9-10. This we cannot do. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted) ("An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality,

prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.").

Moreover, the trial court had the benefit of a pre-sentence investigation (PSI) report, Appellant's prior record score, sentencing guidelines, Appellant's allocution, and statements from Appellant's mother and counsel on his behalf. **See** N.T., 1/30/2018, at 4-9, 14-17. "[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Finnecy**, 135 A.3d 1028, 1038 (Pa. Super. 2016). Thus, we conclude that, even if Appellant had raised a substantial question for review, Appellant has failed to demonstrate that "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision" in imposing Appellant's sentence. **Commonwealth v. Johnson**, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013)).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/12/20