J-S03029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                 :  PENNSYLVANIA
                                 :
            v.                   :
                                 :
                                 :
JOSHUA BRYANT              :
                                 :
          Appellant     :  No. 2415 EDA 2021

Appeal from the Judgment of Sentence Entered October 12, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000005-2020

BEFORE:   BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY McCAFFERY, J.:         **FILED JUNE 6, 2023**

Joshua Bryant (Appellant) appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury convictions of firearm possession offenses, as well as a bench conviction on a bifurcated charge of persons not to possess firearms.[1]  Pertinently, the jury found Appellant **not** guilty of first- and third-degree murder.[2]  First, Appellant avers the trial court abused its discretion by imposing consecutive, statutory maximum sentences and improperly considering the conduct on which the jury found him not guilty of murder.  Next, Appellant claims his 3.5 to "10" year-

---

[1] 18 Pa.C.S. §§ 6106 (firearms not to be carried without a license), 6108 (carrying firearms on public streets in Philadelphia), and 6105 (persons not to possess firearms), respectively.

[2] 18 Pa.C.S. § 2502(a), (c).

sentence for firearms not to be carried without a license was illegal, because it exceeded the seven year-statutory maximum for a third-degree felony.[3] *See* Appellant's Brief at 12. We observe the initial sentence had a maximum term of 10 years, the trial court corrected it and imposed, on the record, a new maximum term of seven years, but the written resentencing order misstates the term as 10 years. We affirm the judgment of sentence, but remand for the trial court to correct the clerical error on the written October 12, 2021, resentencing order.

## I. Facts & Procedural History

In July of 2019, Appellant was in a relationship with a woman, who was previously in a relationship with the victim/decedent in this matter, Garvin Rojas. N.T. Trial Vol. 2, 6/30/21, at 12-13. The trial court summarized:

> On July 10, 2019, [Appellant] shot and killed the decedent[. Appellant] testified that a few minutes before the shooting, he had a brief fist fight with the decedent in front of a store at 648 South 60th Street in Philadelphia. After the fight . . . , the decedent followed [Appellant] and shouted at him as he walked away. The decedent stopped following [Appellant] after about a block and returned to the store. Approximately eight minutes later, as [Appellant] walked back to the area of the store, [Appellant] saw the decedent across the street . . . , grabbed his .38 revolver from his waistband, and shot four times killing the decedent. One of [Appellant's] bullets grazed an innocent bystander's hand. [Appellant] then fled. [Appellant] admitted that at that time of the incident, he always carried his firearm. . . .

Trial Ct. Op., 1/19/22, at 2 (transcript citations omitted).

---

[3] *See* 18 Pa.C.S. § 1103(3).

Appellant was charged with, *inter alia*, first-degree murder, third-degree murder, voluntary manslaughter,[4] and multiple firearms possession offenses.

This matter proceeded to a jury trial on June 29, 2021. Appellant testified in his own defense, stating that just before he shot the decedent, he saw the decedent reach into his waistband and brandish a gun. N.T. Trial, 6/30/21, at 249-51. Appellant stated, "[M]y first reaction was to try to shoot first, so that way, he don't shoot me." *Id.* at 251. Surveillance video of the shooting was played for the jury. *Id.* at 250, 252.

The jury found Appellant **not** guilty of first- and third-degree murder and voluntary manslaughter. However, it found him guilty of firearms not to be carried without a license (6106) and carrying firearms on public streets in Philadelphia (6108).[5] Immediately thereafter, the trial court found Appellant guilty of the bifurcated charge of persons not to possess a firearm (6105). N.T. Trial Vol. 3, 7/1/22, at 133.

The trial court conducted sentencing on October 1, 2021. The court reviewed the pre-sentence investigation report (PSI), as well as Appellant's education, work, family, and mental health history. N.T. Sentencing, 10/1/21, at 6-13. Appellant's prior record score was RFEL, or a Repeat Felony 1 and

---

[4] 18 Pa.C.S. § 2503(a)(1).

[5] For ease of discussion, we will refer to the firearms offenses by their statute numbers.

- 3 -

Felony 2 Offender.[6] *See id.* at 6. The trial court extensively considered Appellant's prior criminal record, and as it informs our review of the issues on appeal, we review it in detail. Frist, Appellant had three juvenile adjudications of delinquency — possession of a controlled substance, indecent assault without the consent of another, and terroristic threats — and no commitments. *Id.* at 7-8. Appellant had three adult convictions and three commitments, including a guilty plea for robbery, at age 18 in 2010, which did not include a firearm and incurred a sentence of 11.5 to 23 months' imprisonment, to be followed by three years' probation. *Id.* at 8.

Two years later, Appellant entered a negotiated guilty plea to another robbery charge, as well as 6105. N.T., 10/1/21, at 8, 15, 25. In that case: Appellant and two others entered the home of the victims; one victim was "hit over the head 3 times" with a gun; and his child, who was present, was "threatened to be shot if [the victim] didn't give them money." *Id.* at 15-16. Appellant received a state sentence of 4.5 to 10 years' imprisonment, to be followed by 10 years' probation. *Id.* at 9. While in state prison, he incurred three misconducts, for "threatening an employee or their family[ and] refusing to obey an order." *Id.* at 12. Appellant was paroled in July of 2018, and the

---

[6] *See* 204 Pa. Code § 303.4(a)(2) (generally, "[o]ffenders who have previous convictions or adjudications for Felony 1 and/or Felony 2 offenses which total 6 or more points in the prior record . . . shall be classified in the [RFEL] Category").

instant shooting occurred in July of 2019. *See id.* at 12. Finally, Appellant also had three violations of probation or parole, which resulted in one revocation. *Id.* at 8-9, 12. Appellant's instant convictions "will be a violation of" his probation. *Id.* at 9.

The Commonwealth recommended an aggregate sentence of 15 to 30 years, arguing Appellant's prior offenses were violent and his "consistent history" of crime necessitated the protection of society. N.T., 10/1/21, at 14. Defense counsel requested an aggregate sentence "between 6 to 12 [years,] or 7 to 14 years as the sentencing guidelines suggest." *Id.* at 20.

The trial court found Appellant was "a danger to the community," and found disturbing "that after four-and-a-half years in prison, [he] readily admitted [he was] carrying a gun[.]" N.T., 10/1/21, at 26-27. The court stated the sentencing was for carrying a gun, and not for shooting the decedent: "You're getting sentenced because of your own record. I wanted to make certain that I understood what the facts of the previous conviction were[,] to figure out how guns have been involved in [his] prior behavior." *Id.* at 27. The court then imposed the following sentences, to run consecutively: (1) for 6105, a felony of the second degree (F2), seven to 14 years; (2) for 6106, a felony of the third degree (F3), five to 10 years; and (3) for 6108, a misdemeanor of the first degree, no further penalty. *Id.* at 28. The aggregate sentence was thus 12 to 24 years' imprisonment.

On October 12, 2021, however, the trial court convened a re-sentencing hearing, as the 10-year maximum sentence for 6106 exceeded the statutory maximum, seven years, for an F3.[7] **See** N.T., 10/12/21, at 5; Trial Ct. Op. at 2 n.1. The court thus imposed, orally on the record, the following amended sentences: (1) for 6105, five to 10 years; (2) for 6106, 3.5 to **seven** years; and (3) for 6108, 2.5 to five years. **Id.** at 6-7. The aggregate sentence was 11 to 22 years, slightly shorter than the original imposed. However, the written resentencing order states the sentence for 6106 as 3.5 to "10" years. Resentencing Order, 10/12/21, at 1.

Appellant filed a timely post-sentence motion, arguing the trial court imposed "too severe a punishment" and erred in relying on impermissible factors. Appellant's Post-Sentence Motion, 10/22/21, at 2 (unpaginated). The court denied relief, and Appellant took this timely appeal.

## II. Questions Presented

Appellant presents the following issues for our review:

A. Did the trial court impose an illegal sentence on Count 3, where the penalty exceeds the maximum punishment for a third-degree felony?

---

[7] **See** 18 Pa.C.S. § 1103(3) (maximum sentence for a felony of the third degree is seven years).

Additionally, although the trial court did not specifically articulate so, the initial 14-year maximum term for 6105 exceeded the statutory maximum of 10 years for an F2. **See** 18 Pa.C.S. § 1103(2). In any event, the court's amended sentence of five-to-10-years complies with the statute.

B.  Did the trial court abuse its discretion and violate [Appellant's] federal and state constitutional rights to due process and fundamental fairness by imposing statutory maximum consecutive sentences after improperly considering conduct for which a jury acquitted him?

Appellant's Brief at 6.

### III.  Legality of Sentence

Appellant's first claim is that his 3.5 to "ten" year sentence for 6106 is illegal, because the punishment exceeds the statutory maximum for an F3.[8] Appellant's Brief at 12.  Appellant makes no reference to the trial court's resentencing hearing, and instead merely cites the written resentencing order of October 12, 2021.  *Id.*

As noted above, the statutory maximum for an F3 offense is seven years.  18 Pa.C.S. § 1103(3).  The trial court acknowledged the initial sentence for 6106 — five to 10 years — exceeded this limit.  *See* N.T., 10/12/21, at 5; Trial Ct. Op. at 2 n.1.  Thus, on October 12, 2021, the court convened a resentencing hearing and imposed a new sentence, 3.5 to **seven** years, on the record.  N.T., 10/12/21, at 6-7.  As Appellant implies, however, the written

---

[8] Appellant raises this issue for the first time on appeal.  *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").  However, a claim, that a sentence exceeds the statutory maximum for an offense, implicates the legality of the sentence and cannot be waived. *Commonwealth v. Boyd*, 73 A.3d 1269, 1271 (Pa. Super. 2013) (*en banc*).

resentencing order states the sentence for this count as "3 1/2 Years to **10** Years." *See* Resentencing Order at 1 (emphasis added).

In light of the trial court's acknowledgment that the original 10-year maximum exceeded the statutory minimum, as well as its on-the-record imposition of a seven year-maximum, we deem the wording in the resentencing order to be merely a clerical error. We thus deny relief on the merits, but remand for the trial court to correct the maximum-term sentence for 6106 on the October 12, 2021, resentencing order.

## IV. Discretionary Aspects of Sentence

Next, Appellant avers "[t]he trial court erred in imposing consecutive statutory maximum sentences based on conduct for which [he] was never convicted." Appellant's Brief at 12. These claims go the discretionary aspects of his sentence. Before we may reach their merits, however, we must determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.[A.] § 9781(b).

*See Commonwealth v. Pacheco*, 227 A.3d 358, 375 (Pa. Super. 2020) (some citations omitted). "[A]n allegation that the court considered an impermissible sentencing factor raises a substantial question." *Id.* at 376 (citation omitted).

- 8 -

Here, Appellant filed a timely notice of appeal and post-sentence motion. *See* Pa.R.A.P. 903; *Pacheco*, 227 A.3d at 375. However, his post-sentence motion argued only: (1) the trial court "imposed a manifestly excessive sentence that inflicted too severe a punishment[;]" and (2) the court "relied on impermissible factors[,] the conduct for which a jury acquitted" Appellant. Appellant's Post-Sentence Motion at 2. Because Appellant did not raise any claim regarding the consecutive nature of his sentences, nor the fact that they were at the statutory maximum, these issues are waived. *See* Pa.R.Crim.P. 720(B); *Pacheco*, 227 A.3d at 375.

However, we determine: Appellant has preserved a claim that the trial court relied on "impermissible factors;" he has included a Rule 2119(f) statement in his brief that presents this claim;[9] and this claim raises a

_____

[9] We observe Appellant's Rule 2119(f) statement consists of a single sentence and does not cite legal authority. *See* Appellant's Brief at 11 ("The trial court imposed unreasonable and manifestly excessive statutory maximum sentences based on an impermissible factor."). We remind counsel, Matthew Sullivan, Esquire, that a Rule 2119(f) statement must

> allow us to determine the allegation of trial court error and the immediate context of the allegation as it relates to the prescribed sentencing norms. Thus, the Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated[, as well as] what fundamental norm the sentence violates and the manner in which it violates that norm. If the Rule 2119(f) statement meets these requirements, we can decide whether a substantial question exists.

*(Footnote Continued Next Page)*

- 9 -

substantial question invoking our review. *See* Pa.R.A.P. 2119(f); ***Pacheco***, 227 A.3d at 375-76. Accordingly, we proceed to review this claim.

Appellant avers the trial court relied on an impermissible factor when fashioning his sentence, namely the "conduct for which [the] jury acquitted him." Appellant's Brief at 15. Appellant acknowledges that at the sentencing hearing, the trial court "[t]hree times . . . insisted that it was sentencing him for the [firearms] offenses, not any other conduct." *Id.* at 15-16, *citing* N.T., 10/1/21, at 27. However, he reasons "[t]hese unprompted comments . . . offer insight into the judge's mindset" — that it "had to sanitize the record before imposing [the sentence] because [his] prior record did not warrant such a harsh sentence." Appellant's Brief at 16. Appellant insists his "previous criminal conduct was not extraordinary" and "there were no allegations [he] physically injured anyone during the prior incidents." *Id.* We determine no relief is due.

We first consider the relevant standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

*See **Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*).

*Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (citations omitted). Where "the trial court has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." *Id.* at 827 (citation omitted).

At the initial sentencing hearing, the trial court reviewed all of Appellant's prior criminal history, as summarized above, as well as his family, education, employment, and mental health history. *See* N.T., 10/1/21, at 7-13. The court considered that from the age of 16 to 28, Appellant "continuously and flagrantly violated the laws of this Commonwealth." Trial Ct. Op. at 5. The court also reasoned:

> When [Appellant] disregarded the law and continued to carry a firearm, he put the public at serious risk. While no innocent bystanders were seriously hurt or killed, [Appellant] shot the decedent on a busy public street and one innocent bystander suffered a graze wound to the hand. When [Appellant] chose to carry a firearm in a blatant violation of the law, [he] deliberately disregarded the threat to the public.
>
> This Court was within its discretion to impose the sentences consecutively and in fact, would have done a disservice to the public had it done anything less. [Appellant] has deliberately flaunted his contempt for all of the court's attempts to rehabilitate him because he has consistently reoffended every time he was released. **[Appellant] is well aware he is not allowed to carry a firearm because he was convicted of . . . 6105 before, in 2016. Despite that conviction, in his own words, [Appellant] testified that he "always" carries a firearm.** The Commonwealth has recognized that there is a distinct danger to the public when felons carry firearms because it increases the chances the firearm will be used. **Contrary to his allegations, this Court did not sentence [Appellant] because he killed the decedent but because of all of the factors proscribed in**

**the Sentencing Code.** [Appellant] consistently failed to take advantage of any of the numerous opportunities given to him by the courts, which left this Court no choice but to sentence him to a longer period of incarceration to impress upon him the need to rehabilitate.

Trial Ct. Op. at 7-8 (emphases added and citations omitted).

After review of the trial court's discussion, we disagree with Appellant's insistence that the basis for the sentence was the conduct which led to the jury's acquittal on the murder charges. We further find meritless Appellant's contentions that the court's statements, that it was **not** basing the sentence on the fatal shooting of the decedent, somehow evidenced the contrary, and the court was in fact nefariously attempting to "sanitize the record . . . because [his] prior record did not warrant such a harsh sentence." **See** Appellant's Brief at 16. The trial court emphasized that Appellant was aware, due to his prior felony conviction, that he was not permitted to carry a gun and indeed, he previously pleaded guilty in 2016 to a count of 6015. Trial Ct. Op. at 7. Furthermore, Appellant's prior record, as both the Commonwealth and trial court emphasized, was extensive and included violent conduct with a gun. For the foregoing reasons, we decline to find an abuse of discretion, and do not disturb the sentence. **See Johnson**, 125 A.3d at 826.

### V. Conclusion

We affirm the judgment of sentence, but remand for the trial court to correct, on the October 12, 2021, resentencing order, the maximum term for Appellant's 6106 sentence.

Judgment of sentence affirmed. Case remanded for the correction of a clerical error in the October 12, 2021, re-sentencing order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2023